THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MARK ALAN JOHNSON,

    Plaintiff,

vs-                                    Case No:

UNITED STATES OF AMERICA,

    Defendant.
_____/

JOSEPH F. LUCAS (P29595)
GERALD R. SKUPIN (P46110)
Skupin & Lucas, P.C.
Attorneys for Plaintiff
155 W. Congress, Ste. 350
Detroit, Michigan 48226
(313) 961-0425
(313) 961-1033-facsimile

## FEDERAL TORT CLAIM FOR DAMAGES

NOW COMES Plaintiff MARK ALAN JOHNSON by and through his attorneys, SKUPIN & LUCAS, P.C., and for his Complaint against the above named Defendant United States of America pursuant to the applicable provisions of the Federal Tort Claims Act (FTCA) and for his claim of damages states as follows:

## COMMON ALLEGATIONS
## JURISDICTION AND VENUE

1. Plaintiff Mark Alan Johnson at all relevant times was and still is a citizen of the United States of America who resides in the City of Millington, Tuscola County, Michigan and this Judicial District.

2. Defendant United States of America at all relevant times by the Department of Navy, a Federal Agency of the United States, and through the agents of the Department of the Navy acting within the scope of their employment, including and without limitation Jason A. Snyder, did own and operate certain motor vehicles including a 2013 white Chevrolet Malibu bearing Federal Government registration 2559M upon public roadways within Tuscola County, Michigan and in this Judicial District.

3. The amount in controversy is in excess of $75,000, exclusive of costs, interest and attorney fees and this court has jurisdiction of the parties and subject matter jurisdiction pursuant to 28 USC§1346(b)(1) and/or other applicable provisions of the FTCA.

4. Jurisdiction and venue further exist in this Court because of an automobile collision involving the aforementioned 2013 white Chevrolet Malibu bearing Federal Government registration 2559M which was negligently operated by federal employee Jason A. Snyder when he rearended a vehicle driven by Mark Alan Johnson on September 26, 2013, at approximately 8:22 p.m. in Denmark Township, Tuscola County, Michigan, on M-81 five feet east of the intersection of Bradleyville Road causing permanent injuries, disability, disfigurement, pain and suffering including serious impairment of a body function for which compensation is sought.

5. Written notice of this claim was timely and properly provided to Defendant United States of America pursuant to the applicable sections of the FTCA.

6. Defendant United States of America by the Department of Navy denied the claim via letter dated August 20, 2014.

7. All of the requirements of the FTCA have been satisfied prior to the filing of this action.

## COUNT I-NEGLIGENCE
## THIRD PARTY NO-FAULT LAWSUIT

8. Plaintiff Mark Alan Johnson incorporates by reference each and every paragraph stated in the common allegations, and further complains:

9. Defendant United States of America allowed federal employee Jason A. Snyder to operate a 2013 white Chevrolet Malibu bearing Federal Registration 2559M and vehicle identification number 1G1ZA5EU5CF389421 which was being driven by federal employee Jason A. Snyder at the time of this collision.

10. At the time of the collision Plaintiff Mark Alan Johnson was the driver of a 1995 green Pontiac van bearing the 2013 Michigan registration CPD7036.

11. Plaintiff Mark Alan Johnson was traveling eastbound on M-81 in a lawful manner.

12. At that time and place federal employee Jason A. Snyder then and there displayed negligence and misconduct by failing to stop the aforementioned 2013 white Chevrolet Malibu owned by Defendant United States of America in an assured clear distance causing the Malibu to strike the rearend of the van driven by Plaintiff Mark Alan Johnson.

13. Defendant United States of America and federal employee Jason A. Snyder owed a duty to the people of the State of Michigan, including your Plaintiff Mark Alan Johnson, consistent with the common law, statutes of the State of Michigan and local ordinances, including the following duties of care, *inter alia*:

    a. To avoid striking another vehicle from the rear, MCL 257.402;

    b. To operate the motor vehicle on the roadway in a manner and at a

        rate of speed that would permit it to be stopped within a safe distance, MCL 257.627(1);

c.      To not drive the vehicle carelessly and heedlessly with willful and wanton disregard for the safety and rights of others, MCL 257.626(a);

d.      To keep the automobile constantly under control;

e.      To drive the vehicle on the roadway with due diligence and circumspection and not to endanger or be likely to endanger other persons or property, MCL 257.626c;

f.      To attempt to stop the vehicle when Defendant United States of America and federal employee Jason A. Snyder knew or should have known that failure to do so would naturally and probably result in injury to Plaintiff Mark Alan Johnson;

g.      To observe the highway in front of the aforementioned 2013 white Chevrolet Malibu when Defendant United States of America and federal employee Jason A. Snyder knew or should have known that failure to observe Plaintiff's van in front of federal employee Jason A. Snyder would endanger the life or property of other persons using the roadway including Plaintiff Mark Alan Johnson;

h.      To drive said vehicle upon the highway at a careful and prudent speed, MCL 257.627;

i.      To drive the aforementioned 2013 white Chevrolet Malibu upon the highway with regard to the van driven by Plaintiff Mark Alan Johnson and to the traffic and surface conditions then and there existing, MCL 257.627;

j.      To not drive the aforementioned 2013 white Chevrolet Malibu into the rear end of the van driven by Plaintiff Mark Alan Johnson;

k.      To not drive at an excessive rate of speed, under the conditions then and there existing, MCL 257.627;

l.      To have the vehicle equipped with proper brakes and/or to apply said brakes in a timely fashion, MCL 257.705;

m.     To take all possible precautions to avoid any collision with any motor vehicles including that being driven by your Plaintiff Mark Alan Johnson;

      n.      To avoid overtaking and striking the rear of another motor vehicle, MCL 257.402;

      o.      To avoid following another motor vehicle too closely, MCL 257.64;

      p.      To make and/or renew observations of the conditions of traffic on the highway;

      q.      To not drive with a foot injury that would render federal employee Jason A. Snyder unable to properly operate the aforementioned 2013 white Chevrolet Malibu which caused the collision involving the van driven by Plaintiff Mark Alan Johnson;

      r.      To not commit other acts of negligence which are herewith reserved for proof at the time of Trial.

14. As a direct and proximate result of the breach of the duties owed by Defendant United States of America and federal employee Jason A. Snyder, and the negligence of federal employee Jason A. Snyder, the collision occurred and the injuries as stated in this Complaint resulted.

15. As a direct and proximate result of the negligence and misconduct of Defendant United States of America and federal employee Jason A. Snyder and the breach of duties by Defendant United States of America and federal employee Jason A. Snyder, Plaintiff Mark Alan Johnson suffered serious injuries and may in the future suffer or may permanently suffer mental anguish, pain and suffering, injuries and limitations, including serious impairment of body function or permanent or serious disfigurement and aggravation of any preexisting conditions. Damages of Plaintiff Mark Alan Johnson linclude, but are not limited to, the following injuries:

      a.      Serious injuries to his back, neck, bilateral shoulders, head and other parts of his body as well as other related and appreciable difficulties, injuries or consequences that have occurred, developed, or aggravated any preexisting problem that might have existed;

    b.    Soft tissue injuries to the right shoulder including an acromiocalvicular joint separation and tear of the labrum;

    c.    Soft tissue injuries to the neck including bulging annulus at C5-6;

    d.    Traumatic brain injury;

    e.    Pain, suffering as well as traumatic shock and injury to the nervous system causing severe mental and emotional anguish;

    f.    Wage loss or actual future loss of earnings to the extent that such losses are recoverable in excess of the no-fault statutory monthly and yearly maximums that are found to apply to the cause;

    g.    Other damages, injuries and consequences that are found to be related to the automobile accident and those that developed during the course of discovery, to the extent the damages are recoverable under the Michigan No-Fault Insurance Act and pursuant to the FTCA for which compensation is sought.

WHEREFORE, Plaintiff Mark Alan Johnson, asks this Honorable Court to award damages against Defendant United States of America in whatever amount Plaintiff Mark Alan Johnson is found to be entitled to in excess of $75,000, specifically $750,000 or whatever amount is deemed just and reasonable under the circumstances against Defendant United States of America, plus interest, costs and attorney fees as well as any other relief that may be lawful, just and equitable under the circumstances.

                            Respectfully submitted,

                            SKUPIN & LUCAS, P.C.,

                BY:    */s/Joseph F. Lucas*
                            JOSEPH F. LUCAS (P29595)
                            GERALD R. SKUPIN (P46110)
                            Attorney for Plaintiff
                            155 W. Congress, Ste. 350
                            Detroit, MI 48226

Dated: February 19, 2015          (313) 961-0425